```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**CHAD BEERS,**

       **Petitioner,**

   v.           CASE NO. 12-3261-RDR

**CLAUDE MAYE,**

       **Respondent.**


### O R D E R

  Petitioner proceeds pro se on a supplemented petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 on allegations of error by the Bureau of Prisons ("BOP") in the computation of petitioner's federal sentence. Having reviewed the record, the court considers and decides petitioner's pending motions.

  Petitioner contends he is wrongfully being denied credit for time petitioner claims he was in federal custody following petitioner's escape while serving a state sentence in Nebraska.

  Petitioner filed the instant petition on December 26, 2012. On January 16, 2013, the court ordered respondent to show cause why relief should not be granted, and set the general time frames for respondent's filing of an Answer and Return, and petitioner's filing of a traverse. The court also granted petitioner's motions to file a supporting brief and attachments as limited by the court, and denied petitioner's motions for appointment of counsel and for the court to order the production of documents.

  On February 15, 2013, the court granted petitioner's motion for

further supplementation of the petition, and granted respondent's motion for an extension of time to file an Answer and Return.

Petitioner thereafter filed a motion for sanctions, a motion for the court to set a bond, a motion for a hearing on petitioner's bond motion, and a motion for the court to deny any further requests by respondent for additional time to file an answer and return.

Respondent filed an answer and return on March 21, 2013. Petitioner then filed a motion for an extension of time to file a traverse.

On April 1, 2013, the court denied petitioner's motions for sanctions, and for a bond and hearing. The court found respondent's filing of an answer and return rendered moot petitioner's motion for a court order to prevent further extensions. The court also granted petitioner's motion for an extension of time to file a traverse.

Now before the court are motions petitioner filed April 16, 2013, seeking: the recusal of the undersigned judge (Doc. 19), an order to compel respondent to produce documents (Doc. 20), a stay of the deadline for petitioner's filing of a traverse (Doc. 21), and reconsideration of the court's earlier denial of petitioner's motion for the production of documents (Doc. 22). Also before the court is petitioner's motions for sanctions and a hearing (Docs. 24 and 25), filed April 30, 2013.

### *Motion to Recuse (Doc. 19)*

In his motion to recuse, petitioner argues that orders entered in this matter demonstrate that the undersigned judge has predetermined the outcome of this habeas action, thus recusal is required under 28 U.S.C. §§ 144, 455(a) and 455(b)(1). Petitioner points to language in the order dated April 1, 2013, wherein the court

determined that petitioner had not made an adequate showing of extraordinary circumstances to warrant petitioner's release on bond pending the resolution of the habeas petition. Petitioner also cites language in the same order wherein the court denied petitioner's motion for sanctions, finding allegations regarding his receipt of legal mail did not warrant court action to preserve petitioner's ability to litigate the instant habeas action.

"To prevail on a motion under 28 U.S.C. § 144 to recuse a judge, the litigant must file a timely and sufficient affidavit establishing that the judge has a personal bias or prejudice." *Green v. Branson*, 108 F.3d 1296, 1305 (1997). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987)(per curiam). Petitioner submitted no such affidavit in this case, and thus cannot support recusal under § 144. Nor does petitioner allege personal rather than judicial bias that would cause a reasonable person to conclude that the undersigned judge has a special bias against petitioner. *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir.1978).

Section 455(a) more broadly provides for disqualification of a judge for apparent bias if the judge's "impartiality might reasonably be questioned." *U.S. v. Ritter*, 540 F.2d 459, 462 (10th Cir.1976). The disqualification of a judge under § 455(a) requires no affidavit in support of recusal. *Aronson v. Brown*, 14 F.3d 1578, 1581-82 (Fed.Cir.1994). The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process." It is not intended to give litigants a veto power over sitting judges. See *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993).

To obtain disqualification of a judge under 28 U.S.C. § 455(a), the movant must show that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. *Green*, 108 F.3d at 1305. Recusal is required only if a reasonable person would believe that the undersigned has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) "[R]umor, speculations, opinions and the like do not suffice." *Green*, 108 F.3d at 1305 (citing *Cooley*, 1 F.3d at 993). Nor is petitioner's disagreement with this court's prior legal rulings in the instant case. *See Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis" for a § 455(a) motion); *Cooley*, 1 F.3d at 993 ("prior rulings in the proceeding, or another proceeding, solely because they were adverse" ordinarily will not suffice for disqualification under § 455(a)").

The grounds for disqualification of a judge for actual bias under 28 U.S.C. § 455(b)(1) are those included in § 144, *Ritter*, 540 F.2d at 462, which the court has already found to be deficient in this case.

Finding no reason for recusal has been established, the court denies petitioner's motion. *See Hinman*, 831 F.2d at 939 (a judge is under as much obligation not to recuse when there is no reason to do).

### *Motion to Compel Production of Documents (Doc. 20)*

To further examine respondent's assertion that the State of Nebraska continued to have primary jurisdiction over petitioner after his escape in 1995, petitioner seeks a court order requiring respondent to produce any and all documents generated by and through respondent's inquiry of the State of Nebraska and/or the Nebraska Department of Corrections regarding petitioner's 1995 escape. The

court denies this request.

Petitioner states that he seeks written documentation that the United States "sought or should have sought" from Nebraska regarding his escape from their custody while out on a United States writ of habeas corpus ad prosequendum, and claims he is entitled to view any documentation that supports respondent's assertion that Nebraska continued to retain primary jurisdiction over petitioner after his escape while on a United States writ of habeas corpus ad prosequendum.

However, discovery in habeas corpus actions is extremely limited. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A petitioner must show "good cause" for his request by providing the court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Id.* Petitioner makes no such showing in this case.

### *Motion to Reconsider the Denial of Documents (Doc. 22)*

On January 16, 2013, the court summarily denied petitioner's December 26, 2012, request for production without cost of documents in petitioner's criminal case in the United States District Court in the Western District of Arkansas.

Petitioner now seeks reconsideration of that decision, arguing the court failed to address and decide petitioner's alternative request for an Order directing respondent to allow petitioner to mail himself the personal legal material he had to send to outside storage when BOP refused to transport all of petitioner's legal materials.

Petitioner's motion for reconsideration is denied.

Under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order within fourteen days of the order, based on

(1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. Petitioner failed to seek reconsideration on the January 16, 2013, order in a timely manner, thus the motion can be denied on that basis.

To the extent petitioner's pro se motion for reconsideration can be liberally construed as a renewal of his request that he should be allowed access to legal materials BOP required petitioner to ship out, the court denies this request. Petitioner contends he needs this material to demonstrate his exhaustion of administrative remedies, but respondent has acknowledged petitioner's full exhaustion of administrative remedies on the sentence computation issues appropriately before the court in this habeas action.

### *Motion for Sanctions and for a Hearing (Docs. 24 and 25)*

Petitioner seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure. He asks the court to determine if respondent has intentionally introduced false factual statements and misrepresentations of fact into the record, and if so, to strike respondent's answer and impose a fine.

Rule 11 sanctions punish an attorney for filing false or misleading pleadings with the court; it ensures that an attorney abides by his duty as an officer of the court and conducts a reasonable inquiry into any fact alleged or denied. *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir.1993). A standard of objective reasonableness is applied. *See White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir.1990), *cert. denied*, 498 U.S. 1069 (1991); *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988)). An attorney's good faith belief in the merit of an argument must be in accord with

what a reasonable, competent attorney would believe under the circumstances. *See id.*

Here, petitioner's subjective assessment that respondent has filed pleadings that set forth false information and unfounded legal claims is insufficient to support a request for Rule 11 sanctions. Petitioner's motion for sanctions and a hearing on that motion are denied.

### *Motion to Stay Deadline for Filing a Traverse (Doc. 21)*

To the extent petitioner seeks a stay of the deadline for filing his traverse until the court has ruled on petitioner's motion to recuse, that basis for seeking a stay in this action is now moot.

To the extent petitioner asks the court to set a new deadline for filing a traverse in this matter, the court does so in the order entered this date.

IT IS THEREFORE ORDERED that petitioner's motion to recuse (Doc. 19), motion to compel production of documents (Doc. 20), motion to stay (Doc. 21), motion for reconsideration (Doc. 22) and motions for sanctions and a hearing (Docs. 24 and 25) are denied.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to file a reply to the respondent's answer and return.

**IT IS SO ORDERED.**

DATED: This 30th day of July 2013, at Topeka, Kansas.

  s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge